JUDGE SAND

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

08 CV 7167

ALDEAN PITTERS,

                                    Plaintiff,

            -against-

CITY OF NEW YORK, ALBERTO PIZARRO (Shield No. 0167),
JEREMIAH WILLIAMS (Shield No. 07878), and JOHN and JANE
DOE 1 Through 10, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the true names are
presently unknown),

                                    Defendants

------------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

RECEIVE
AUG 12 2008
U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiff ALDEAN PITTERS, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows.

## PRELIMINARY STATEMENT

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the State of New York and the United

States.  Plaintiff also asserts supplemental state law claims.

## JURISDICTION

        2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

        4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff ALDEAN PITTERS is a male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants, ALBERTO PIZZARO, JEREMIAH WILLIAMS, and JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

12.     Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On May 14, 2007, beginning at approximately 2:30 p.m., plaintiff ALDEAN PITTERS was in front of 4700 White Plains Road, Bronx, New York, where he was being placed under arrest by the defendant police officers.

14.     At the aforesaid time and place, plaintiff, who was handcuffed, was subjected to excessive force by a defendant NYPD police officer, who among other things, slammed plaintiff's head into the window of an NYPD prisoner van, causing the window on the vehicle to shatter, and causing plaintiff to sustain physical injuries. Thereafter, the defendant officers lifted plaintiff by his handcuffs, which were "rear cuffed" behind plaintiff's back.

15.     All of the above occurred while other NYPD officers witnessed and failed to intervene in the illegal conduct described herein.

16.     As a result of the foregoing, plaintiff ALDEAN PITTERS sustained, *inter alia,* physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

17.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18.     All of the aforementioned acts of defendants, their agents, servants and employee

3

were carried out under the color of state law.

19.     All of the aforementioned acts deprived plaintiff ALDEAN PITTERS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United of America, and in violation of 42 U.S.C. §1983.

20.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

22.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

23.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff ALDEAN PITTERS' constitutional rights.

25.     As a result of the aforementioned conduct of defendants, plaintiff ALDEAN PITTERS was subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

26.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.     Defendants had an affirmative duty to intervene on behalf of plaintiff ALDEAN PITTERS, whose constitutional rights were being violated in their presence by other officers.

28.     The defendants failed to intervene to prevent the unlawful conduct described herein.

29.     As a result of the foregoing, plaintiff ALDEAN PITTERS was subjected to excessive force and failure to intervene.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, physically abusing citizens and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ALDEAN PITTERS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and

supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

33. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ALDEAN PITTERS.

34. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ALDEAN PITTERS as alleged herein.

35. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ALDEAN PITTERS as alleged herein.

36. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ALDEAN PITTERS was unlawfully seized, beaten and subjected to physical abuse.

37. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ALDEAN PITTERS' constitutional rights.

38. All of the foregoing acts by defendants deprived plaintiff ALDEAN PITTERS of federally protected rights, including, but not limited to, the right to be free from the use of excessive force and/or the failure to intervene.

39. As a result of the foregoing, plaintiff ALDEAN PITTERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

42.     The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

43.     The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

44.     Plaintiff has complained with all conditions precedent to maintaining the instant action.

45.     Their action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

46.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     As a result of the foregoing, plaintiff ALDEAN PITTERS was placed in apprehension of imminent harmful and offensive bodily contact.

48.     As a result of defendant's conduct, plaintiff ALDEAN PITTERS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and

humiliation.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants made offensive contact with plaintiff without privilege or consent.

51.     As a result of defendant's conduct, plaintiff ALDEAN PITTERS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

52.     Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

54.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

55.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

56.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff ALDEAN PITTERS.

57.     As a result of the aforementioned conduct, plaintiff ALDEAN PITTERS suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

8

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff ALDEAN PITTERS.

60.     Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff ALDEAN PITTERS.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

65.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.    Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

67.    As a result of the foregoing, plaintiff ALDEAN PITTERS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE**, plaintiff ALDEAN PITTERS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C ) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
August 12, 2008

> LEVENTHAL & KLEIN, LLP
> 45 Main St., Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
>        BRETT H. KLEIN
>
> Attorney for Plaintiff ALDEAN PITTERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

X------------------------------------------------------------------------------

ALDEAN PITTERS,

         Plaintiff,

-against-

CITY OF NEW YORK, ALBERTO PIZARRO (Shield No. 01670),
JEREMIAH WILLIAMS (Shield No. 07878), and JOHN and JANE
DOE 1 through 10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true names are
presently unknown),

         Defendants,

X------------------------------------------------------------------------------

COMPLAINT

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff ALDEAN PITTERS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100